| | | |
|---|---|---|
| STATE OF INDIANA | ) | THE ST. JOSEPH CIRCUIT/SUPERIOR COURT |
| | ) SS | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO: 71D04-2308-PL-000211 |

LARICKA HUNT,  )
　　　　　　　　　)
　　Plaintiff,　　　)
　　　　　　　　　)
v.　　　　　　　　)
　　　　　　　　　)
FLAGSTAR BANK, FSB,  )
　　　　　　　　　)
　　Defendant.　　)

## COMPLAINT

Plaintiff, Laricka Hunt, by counsel, pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (the "ECOA"), and the Equal Opportunity for Individuals with Disabilities, 42 U.S.C. § 12181 *et seq.*, brings this action against Defendant Flagstar Bank, FSB ("Flagstar") for discriminatory lending practices, and states as follows:

　　1.　　Plaintiff, Laricka Hunt, is a black female resident of St. Joseph County, Indiana.

　　2.　　At all relevant times, Ms. Hunt had a disability that substantially limited at least one major life activity.

　　3.　　Defendant Flagstar is a financial institution authorized to conduct business in the State of Indiana.

　　4.　　Flagstar's business includes engaging in residential real estate-related transactions, as defined by 42 U.S.C. § 3605(b) such as making loans for the purchase, construction, improvement, repair, or maintenance of a dwelling.

　　5.　　Flagstar regularly extends, renews, or continues credit and is a creditor as defined

1

by 15 U.S.C. § 1691a(e).

6. On or about June 30, 2021, Ms. Hunt applied for a mortgage loan from the Flagstar branch located in South Bend, Indiana, for the purpose of purchasing a home located in South Bend, Indiana.

7. The mortgage loan application process is a residential real estate-related transaction as defined by 42 U.S.C 3605(b).

8. During the application process, Ms. Hunt provided her employment, financial and credit information which included her proof and source of income.

9. After reviewing and verifying Ms. Hunt's required financial information, Flagstar conditionally approved Ms. Hunt for a mortgage loan in the amount of $110,000.

10. The approval for $110,000 is an amount far less than the amount for which non-black mortgage loan applicant(s) were approved under similar conditions and with similar financial and credit statuses.

11. Based on Ms. Hunt's financial data, Ms. Hunt was a qualified applicant who should have been approved for a higher dollar amount.

12. After Ms. Hunt complained about the approval amount multiple times, Flagstar eventually increased Ms. Hunt's approval for a mortgage loan to the amount of $127,187.

13. Based on Flagstar's pre-approval, Ms. Hunt found a home to purchase within her approved price range with four (4) bedrooms and two (2) bathrooms in a neighborhood Ms. Hunt preferred.

14. The seller of the home approved Ms. Hunt's offer to purchase the home for an amount less that the actual market value, and the closing was scheduled for August 31, 2021.

15. Ms. Hunt submitted to Flagstar the information needed to obtain final approval for

the mortgage loan.

16. Flagstar reviewed the home Ms. Hunt proposed to purchase and the related purchase documents. Flagstar also reviewed Ms. Hunt's employment, financial and credit information again.

17. Ms. Hunt's employment, financial and credit status had not changed from the time of the pre-approval and the request for final approval.

18. During Flagstar's final review, Flagstar claimed there were issues with Ms. Hunt's employment verification.

19. Ms. Hunt provided the necessary information, including the Internal Revenue Tax Code, to verify her income and justify including said income in her application.

20. There was no legitimate reason for Flagstar not to include all Ms. Hunt's income she reported to Flagstar.

21. Despite Ms. Hunt's efforts to resolve Flagstar's illegitimate concerns, Flagstar still claimed Flagstar was not able to include all of Ms. Hunt's income for the final underwriting process.

22. Ms. Hunt informed Flagstar she had a disability and requested multiple times to meet in-person with Flagstar's staff instead of corresponding via email to resolve Flagstar's last-minute, illegitimate excuses for not including all Ms. Hunt's income in its mortgage loan approval process.

23. Since both Flagstar and Ms. Hunt were located in South Bend, Indiana, meeting with Ms. Hunt in-person as an accommodation for her disability would not cause Flagstar to suffer any undue hardship.

24. Flagstar failed to accommodate Ms. Hunt by denying Ms. Hunt the opportunity to meet with Flagstar's staff in-person.

25. Despite no material changes to Ms. Hunt's employment, financial and credit status, Flagstar denied Ms. Hunt's application for a mortgage loan before Ms. Hunt's closing due to Ms.

Hunt's race.

26. Flagstar treated Ms. Hunt less favorably than other non-black mortgage loan applicants and intentionally avoided lending to Ms. Hunt due to Ms. Hunt's race.

27. Flagstar's actions are in violation of the Fair Housing Act and the Equal Credit Opportunity Act.

28. Flagstar's refusal to reasonably accommodate Ms. Hunt prevented Ms. Hunt from having the opportunity to effectively discuss the items in her mortgage loan application. Flagstar allowed non-disabled applicants the opportunity to discuss items in their mortgage loan application.

29. Flagstar's actions prevented Ms. Hunt from obtaining financing from Flagstar due to her disability.

30. Flagstar's actions are in violation of the Equal Opportunity for Individuals with Disabilities.

31. Due to Flagstar's discriminatory actions, Ms. Hunt was not able to purchase the home Ms. Hunt desired and suffered damages for which Ms. Hunt is entitled to recover from Flagstar, including but not limited to compensatory damages, punitive damages and reasonable attorney's fees.

WHEREFORE, Plaintiff prays the Court grant Plaintiff the following relief:

A. Enter a declaratory judgment that the foregoing acts, policies, and practices of Defendant violate 42 U.S.C. § 3605 *et seq.*, 15 U.S.C. § 1691 and 42 U.S.C. § 12181 *et seq.*;

B. Enter a permanent injunction enjoining Defendant and its directors, officers, agents, and employees from continuing to publish, implement, and enforce the illegal conduct described herein and directing Defendant and its directors, officers, agents, and

4

employees to take all affirmative steps necessary to remedy the effects of that conduct and to prevent additional instances of such conduct or similar conduct from occurring in the future;

C. Award compensatory damages to Plaintiff in an amount that would fully compensate Plaintiff for Plaintiff's injuries caused by the conduct of Defendant alleged herein;

D. Award punitive damages to Plaintiff in an amount that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

F. Order such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ *Myra R. Reid*
Myra R. Reid | 35583-71
ANDERSON, AGOSTINO & KELLER, P.C.
131 South Taylor Street
South Bend, Indiana 46601
Telephone: (574) 288-1510
Facsimile: (574) 288-1650
Email: reid@aaklaw.com
*Attorney for Plaintiff*





Anderson • Agostino & Keller, P.C.
131 S. Taylor Street
South Bend, IN 46601-1521

Flagstar Bank, FSB
c/o Corporation Services Co.
135 N. Pennsylvania St.
Suite 1610
Indianapolis, IN. 46204